IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LEANTHONY K. MCMILLIAN, §<br>#063482, §<br>   PETITIONER, §<br> §<br>v. §   CIVIL CASE NO. 3:24-CV-2613-S-BK<br> §<br>SHERIFF OF NAVARRO COUNTY, §<br>   RESPONDENT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the entry of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, the petition should be summarily **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state-court remedies.

**I. BACKGROUND**

Petitioner LeAnthony K. McMillian, a pretrial detainee in the Navarro County Jail, filed an amended habeas corpus petition complaining of his lengthy pretrial incarceration. Doc. 6 at 2, 5-7. He is awaiting trial on four indictments and two misdemeanor complaints in County Court at Law, Navarro County, Texas. In the felony cases, McMillian was charged with: (1) possession of a controlled substance, unauthorized use of a vehicle, and forgery of a financial instrument, Case No. C41704-CR, (2) assault on a public servant, Case No. C42021-CR, (3) taking a weapon from an officer, assault on a public servant, and obstruction and retaliation, Case No. C42156-CR, and (4) assault on a public servant, Case No. C42684-CR. Doc. 6 at 3. In

the misdemeanor cases, McMillian was charged with criminal mischief and possession of marijuana, Case Nos. CR-82827 and CR-81469.  According to state trial court records available online (of which this Court takes judicial notice), he has court-appointed counsel on his pending criminal charges and is awaiting a mental evaluation.[1]

McMillian states that he has been incarcerated since February 2022 and that his felony charges were stalled after discovery because of repeated mental competency evaluations.  Doc. 6 at 5-6.  McMillian requests that his Navarro County criminal charges be dismissed and that he be awarded monetary damages for mental and physical injuries and financial damages because of loss of property.  Doc. 6 at 7.[2]

Upon review, the Court finds that McMillian has failed to exhaust available state-court remedies.  Therefore, his petition should be dismissed.

## II. ANALYSIS

### A. Habeas Corpus Claims are Unexhausted

Challenges raised in a pretrial habeas corpus petition are governed by 28 U.S.C. § 2241.  *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998).  A § 2241 habeas petition is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief.  *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal of § 2241 petition without ordering an answer from respondent); *see also* Rule 4 of the

---

[1] The online county court docket is available at portal-txnavarro.tylertech.cloud/PublicAccess/default.aspx (last accessed Oct. 31, 2024).

[2] McMillian also mentions that he has a pending warrant in Titus County, Texas, for aggravated robbery.  Doc. 6 at 3, 5-6.  His allegations are unclear, however.  He asserts that Navarro County did not notify Titus County of his detention.  Doc. 3 at 5-6.  He also states that his lawyer and the jail captain informed him that he "had to finish [his] charges here at Navarro County Jail before they would notify Titus [County] I was here."  Doc. 3 at 5-6.

RULES GOVERNING SECTION 2254 CASES (providing for summary dismissal of a habeas petition).[3]

Pretrial habeas relief is available under 28 U.S.C. § 2241(c) to a person "'in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against [him].'" *Hartfield v. Osborne*, 808 F.3d 1066, 1071 (5th Cir. 2015) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). A pretrial detainee, however, must fully exhaust available state remedies before seeking federal habeas relief. *Montano v. Texas*, 867 F.3d 540, 542–43 (5th Cir. 2017) (citing *Dickerson*, 816 F.2d at 225). This entails submitting the factual and legal basis of any claim to the Texas Court of Criminal Appeals. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (citations omitted); *Curtis v. Garza Cnty. Jail*, No. 5:18-CV-205-M-BQ, 2019 WL 5698802, at *2 (N.D. Tex. Oct. 8, 2019), *adopting R. & R.*, 2019 WL 5697895 (N.D. Tex. Nov. 4, 2019). Exceptions exist only "where the available . . . remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Montano*, 867 F.3d 542-43 (internal quotations and quoted case omitted).

In the pre-conviction context, a detainee confined after a felony indictment may file an application for writ of habeas corpus pursuant to Article 11.08 of the Texas Code of Criminal Procedure with the judge of the court in which he is indicted. *See* TEX. CODE CRIM. PROC. ANN. ART. 11.08. If the trial court denies habeas relief under Article 11.08, the applicant can take a direct appeal to an intermediate appellate court and then petition for discretionary review by the

---

[3] Rule 1(b) of the RULES GOVERNING SECTION 2254 CASES renders the 2254 Rules applicable to habeas petitions not covered by § 2254.

Texas Court of Criminal Appeals. *See, e.g.*, *Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n. 5 (Tex. Crim. App. 1981)); *Curtis*, 2019 WL 5698802, at *2.

McMillian has not satisfied the exhaustion requirement, however. A review of his petition confirms that he did not file a state habeas application under Article 11.08 challenging the length of his pretrial incarceration and alleged denial of his right to a speedy trial. Further, a search of online state court records reflects that no Article 11.08 state habeas application or appeal was filed.[4] As a result, the Texas Court of Criminal Appeals has not had an opportunity to consider McMillian's pretrial detention claims and they remain unexhausted.

### B. Claims for Monetary Damages are not Cognizable

McMillian also seeks monetary damages for mental and physical injuries and financial damages because of loss of property. Doc. 6 at 7. To the extent that he raises civil rights violations arising from verbal and physical harassment in the jail and loss of property, his claims are not cognizable in this habeas corpus action. Doc. 6 at 7; Doc. 3 at 1. *See Hill v. McDonough*, 547 U.S. 573, 579 (2006) ("'Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus,'" whereas "[a]n inmate's challenge to the circumstances of his confinement . . . may be brought under [42 U.S.C.] § 1983." (quoted case omitted)); *Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021) (declining to extend federal habeas jurisprudence to conditions of confinement claims). Thus, McMillian civil rights claims, if any, should be dismissed without prejudice to his filing a civil rights action.

---

[4] Case information for the Fifth District Court of Appeals and Texas Court of Criminal Appeals is available at https://www.txcourts.gov//5thcoa.aspx and https://www.txcourts.gov/cca/ (last accessed Oct. 3 2024).

### III.  CONCLUSION

For all these reasons, McMillian's habeas corpus petition should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies and his civil rights claims, if any, should be **DISMISSED WITHOUT PREJUDICE** to his filing a civil rights action.

**SO RECOMMENDED** on November 4, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).